UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:18-cv-07565 |
| v. | Judge Mary M. Rowland |
| DARRYL SARGENT | |
| Defendant. | |

**MEMORANDUM ORDER AND OPINION**

On August 15, 2017, Darryl Sargent pled guilty to two counts of bank robbery and one count of entering a bank with intent to commit bank robbery in violation of 18 U.S.C. § 2113(a). The district court judge, Judge Amy St. Eve, sentenced Sargent to 70 months in prison. Sargent moves to have his sentence modified pursuant to 28 U.S.C. § 2255, arguing that his defense counsel, Mr. Gregory T. Mitchell, provided ineffective assistance of counsel during the sentencing hearing. For the reasons explained below, this Court denies Sargent's motion [3].

I.  Factual and Procedural Background

On March 29, 2016, Sargent, along with co-defendants Moe Lyman, Kimberly LaSarge, Lisa Danca, and Aida Trevino, was charged with conspiracy to commit bank robbery, and six charges of bank robbery. *See United States v. Lyman et al.*, No. 1:16-cr-00010 (N.D. Ill.) at [27]. Sargent was charged with one count of conspiracy to commit bank robbery (Count One), two counts of bank robbery (Counts Five and Six), and one count of entering a bank with intent to commit bank

1

robbery (Count Seven). On May 4, 2016, Sargent pled not guilty to all charges. *Id.* at [50].

As trial neared, the trial judge advised Sargent that to qualify for the "third-point" for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(b), he must enter a change of plea by July 28, 2017. *Id.* at [161]. At a July 26 status hearing, Sargent informed the court that he intended to proceed to trial, and a Final Pretrial Conference took place on August 14. *Id.* at [181]. On August 15, 2017, Sargent pled guilty pursuant to a written plea deal. *Id.* at [202], [203].

The trial court imposed a 70-month concurrent sentence for the three counts of conviction. After the sentencing, Sargent timely appealed his sentence. Dkt. [7-1] at 3. On September 6, 2018, defense counsel filed an *Anders* brief and requested to withdraw as counsel. *Id.* at 4; *see Anders v. California*, 386 U.S. 738 (1967). On September 24, 2018, the appellate court gave Sargent notice that his counsel had requested permission to withdraw from the appeal and that he would have 30 days to present a case *pro se*. Dkt. [7-3]. Sargent did not file a response by the October 24, 2018, due date. 758 F. App'x 558, 558 (7th Cir. 2019); *see* Dkt. [7-1] at 4.

On November 14, 2018, Sargent filed the present petition to have his sentence modified pursuant to 28 U.S.C. § 2255. *See generally* Dkt. [3]. In his petition, he argues that his defense counsel did not provide effective assistance of counsel because: (1) he did not object to the pre-sentencing report's failing to award Sargent one point for timely acceptance of responsibility pursuant to USSG § 3E1.1(b), and (2) he did not object to the pre-sentencing report's classification of

Sargent's criminal history as Category III instead of Category II. Dkt. [3] at 3-4. According to Sargent, had defense counsel provided effective assistance of counsel he would have prevailed on these arguments and received a reduced sentence. *Id.* at 4.

On March 28, 2019, the Government filed a motion to dismiss Sargent's § 2255 petition without prejudice, or in the alternative, stay briefing due to the pending appeal. Dkt. [7] at 1. On March 29, 2019, the Seventh Circuit dismissed Sargent's *pro se* appeal. *See* 758 F. App'x 558 (2019). After the appeal was resolved, on March 19, 2020, the assigned judge ordered the Government to file a substantive response to Sargent's § 2255 petition. Dkt. [13].

The Government filed its response brief on June 29, 2020. Dkt. [18]. Despite several extensions, Sargent has never filed a reply. [21][25][26]. On September 8, 2022, the matter was transferred to this Court. [28].

## II.   Legal Standard

The Seventh Circuit has stated: "motions to vacate a sentence or conviction ask the district court to grant an extraordinary remedy to one who already has had an opportunity for full process." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)). Under § 2255 relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir.

2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).

### III. Discussion

#### A. Sargent's Burden Under *Strickland*

Sargent must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed in his ineffective assistance of counsel claim. First, he must demonstrate that his counsel's performance was deficient. *Id.* at 687–88. Ineffective assistance of counsel must "[fall] below an objective standard of reasonableness" when measured against "prevailing professional norms"; this is the "performance prong." *Id.* When considering counsel's performance, courts employ a "highly deferential" analysis with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011).

After making a showing on the performance prong, Sargent must then demonstrate that his counsel's "deficient performance prejudiced" him "so as to deprive the defendant of a fair trial" (the "prejudice prong"). *Strickland*, 466 U.S. at 669. To demonstrate prejudice in the guilty plea context, Sargent must demonstrate that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court," that the court "would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that was in fact imposed." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012).

4

To succeed in his claim, Sargent must satisfy both the performance and the prejudice prong of the *Strickland* test. 466 U.S. at 697. The court is not required to provide Sargent with an evidentiary hearing if "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001).

B. *Strickland*'s Performance Inquiry

    1. Counsel's Performance in Calculating Sargent's Sentencing Guideline Range

Sargent argues that his defense counsel was ineffective by failing to object to the finding that he was not entitled to the § 3E1.1(b) one-point offense reduction. The relevant text at the time provided: "If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and *upon motion of the government* stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level." U.S.S.G. § 3E1.1(b) (emphasis added). The § 3E1.1(b) offense reduction can only be granted in response to motion by the Government. *United States v. Deberry*, 576 F.3d 708, 710 (7th Cir. 2009). Unlike the two-point offense reduction granted in U.S.S.G. § 3E1.1(a), the defendant is not entitled to such relief. *Id*.

5

It is true that the Government may not refuse to request the § 3E1.1(b) point based "on an invidious ground, or (and here is where the government's discretion is less extensive than it is with regard to charging decisions) on a ground unrelated to a legitimate governmental objective." *Id. See Wade v. United States*, 504 U.S. 181, 185—86 (1992); *United States v. Richardson*, 558 F.3d 680, 682 (7th Cir. 2009). But that is not the case here. The record shows that the trial judge set a deadline for timely acceptance of responsibility in order to qualify for the § 3E1.1(b) relief: July 28, 2017. *See United States v. Lyman et al.*, No. 1:16-cr-00010 (N.D. Ill.) at [161]. However, at the July 26, 2017, status hearing, Sargent indicated that he wished to proceed with trial. *Id.* at [181].

Furthermore, absent changed circumstances, issues litigated on direct appeal may not be relitigated in a § 2255 petition. *Varela v. United States*, 481 F.3d 932, 935—36 (7th Cir. 2007) (citing *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir.1995)). This issue was raised by Sargent's defense counsel in his appeal. 758 F. App'x at 559; *see also* Dkt. [7-2] at 21-22. Sargent may wish to argue that it was not him that raised the issue, but rather his defense counsel in an *Anders* brief, but the point is moot. The Seventh Circuit has held: "It makes no difference that [a] claim had been presented in [a defendant's] direct appeal in an *Anders* brief on the basis of which we dismissed the appeal as frivolous. Presented is presented, whether in an *Anders* brief or in any other format; and if an appeal is dismissed as frivolous, that is a binding adjudication that the claims presented in it had no merit at all, rather than an invitation to refile." *White v. United States*, 371 F.3d 900, 902-03

6

(7th Cir. 2004). In any event, this argument fails to satisfy the performance prong of the *Strickland* test.

### 2. Counsel's Performance Regarding Calculating Sargent's Criminal History Category

Sargent's argument that his counsel was ineffective because he did not object to Sargent's criminal history classification is also unpersuasive. Sargent provides no support as to why his criminal history classification is erroneous. *See* Dkt. [3] at 4. The Government argues that because Sargent has failed to develop his claim, this argument is waived. Dkt. [18] at 7-8 (citing *Argyropoulos v. City of Alton*, 539 F.3d 724, 739 (7th Cir. 2008). Even with the requirement that we construe *pro se* filings liberally, *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018), the Court cannot find case law that demonstrates that failing to object to a criminal history classification is an error of such magnitude that it meets the standard for ineffective assistance of counsel. This aspect of Sargent's petition is denied.

### C. *Strickland*'s Prejudice Inquiry

Under *Strickland*, if a criminal defendant satisfies the performance prong, he must still meet the prejudice prong, which, in the context of a guilty plea, requires him to demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Spiller v. United States*, 855 F.3d 751, 755 (7th Cir. 2017). The "reasonable probability" requirement is a low standard, one which "need only be better than negligible." *Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). Still, as the Seventh Circuit has noted, "a mere

7

allegation by the defendant that he would have insisted upon going to trial … is not sufficient to establish prejudice." *Bethel,* 458 F.3d at 718.

Because Sargent cannot satisfy his burden of demonstrating that counsel's performance fell short under *Strickland*, this Court need not reach the question of whether Sargent can satisfy his burden to demonstrate resulting prejudice. The Court notes, however, that he fails on this prong as well.

## IV. Conclusion

For the foregoing reasons, this Court denies Sargent's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Sargent does not possess the absolute right to appeal the Court's denial of his § 2255 motion; he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c). To do so, Sargent must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). As discussed, Petitioner's claim lacks legal merit. Accordingly, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

Dated: July 26, 2023

Entered:

*Mary M Rowland*

Mary M. Rowland
United States District Judge

8